Demetre Cafadaris, Plaintiff, *v.* Arthur Bulow, Defendant.

Supreme Court, New York County, September 23, 1930.

*Schultz & Schultz*, for the plaintiff.

*J. Leon Friedman*, for the defendant.

Cotillo, J. This is a motion for an order for the appointment of a receiver of all the money to which defendant is entitled as manager of the boxer Max Schmeling. Plaintiff is a real estate man with general business experience. He met defendant Bulow, who is a German boxing promoter and the man who brought Schmeling to America. The complaint alleges that defendant, as manager of Schmeling, received one-third of the money gained by Schmeling in his boxing matches; that on February 10, 1929, defendant and plaintiff agreed to become and did become partners; that by the oral partnership agreement plaintiff was to receive fifty per cent of all the money realized by defendant from his contract with Schmeling, and that plaintiff agreed to render all aid and assistance to defendant in connection with the Schmeling contract. It is further alleged that plaintiff advanced money to defendant, paid some of defendant's debts, lodged the defendant in his own apartment, contributed the use of his automobile, and spent large sums of money to further the mutual interest of the partnership. It is further stated that from time to time actual assignments of fifty per cent of the proceeds of the Schmeling contract were made to defendant. Finally, plaintiff demands an accounting for one-half the net proceeds of the Schmeling-Sharkey bout. It is alleged that defendant is not in this country under the quota; that he is about to leave the country taking all the money with him; and that there is some fraudulent scheme afoot with several others to defraud plaintiff of his share as copartner. An accounting is demanded, and the sum due is figured as $22,500, with interest from August 20, 1930.

The motion for a receiver is made under section 974 of the Civil Practice Act, which provides for the appointment of a receiver when there is danger that the property will be removed beyond the jurisdiction of the court. In denial of the allegations that he is about to leave the United States, defendant says that he has bought an automobile and rented an apartment at Orangeburgh, N. Y. There is no significance in the purchase of an automobile, and it can hardly be seriously urged that defendant is planning to live permanently in a small village which is merely a training camp for Schmeling's trainer. The uncontradicted assertion that defendant's contract with Schmeling expires in October and that his permit to remain under the immigration laws expires in November make it very likely that the fund is in danger of removal from the jurisdiction before this case can come to trial. I am satisfied that there is enough in the papers to justify plaintiff's fear of being irreparably damaged by the disappearance of the fund. It remains to consider defendant's objections that there is nothing in the papers to show a partnership, but that rather, if anything, plaintiff should sue at law for money due under a contract of employment. A partnership is an association of two or more persons to carry on as co-owners a business for profit. (Partnership Law, § 10.) The receipt by a person of a share of the profits of a business is *prima facie* evidence that he is a partner in the business. (Partnership Law, § 11, subd. 4.) According to the moving and replying affidavits plaintiff provided defendant with a home, put his automobile at the disposal of the defendant, advanced money, paid defendant's personal obligations, represented him, and was present at all meetings with the Madison Square Garden Company, their attorneys, the State Boxing Commission, and at other places where negotiations concerning Schmeling were in progress. Plaintiff assisted defendant's attorneys in preparing for suits brought by and against defendant in various actions concerning the Schmeling contract. Plaintiff also aided defendant in getting leave to stay in the United States beyond the six months' period. He gave his personal bond. He indorsed defendant's notes A mere recital of the work done by plaintiff shows that his relation with defendant was not that of master and servant. A reading of the opposing affidavits shows conclusively that plaintiff was not a mere interpreter. Defendant concedes that large sums of money were turned over to plaintiff after each previous bout, sums wholly inconsistent with a mere employment. Defendant's claim that the money went into plaintiff's real estate schemes is plausibly excused by plaintiff's explanation that defendant wanted to oblige and provide for his friend Kirsch. The affidavit of Mr. Friedman does not

deny that plaintiff did work, was present when arrangements were made for boxing bouts, and made the decisions. In fact, I gather that defendant supplied the boxing experience for the partnership and the plaintiff the business acumen to prevent defendant from being overreached. The final suggestion that plaintiff spent all of his time and money with defendant for the glory of being near Schmeling is too trivial to take seriously. Plaintiff's admitted part in the transactions was such that I cannot believe the affidavits of Wilson, Ross and Kirsch to the effect that plaintiff declared he was protecting defendant out of friendship and expected no money. Defendant's attorneys do not seem to believe that either, since they take the position in the brief that plaintiff was employed as an interpreter. But, however that may be, I see in the affidavits of Wilson, Ross and Kirsch an admission by defendant that plaintiff was always present with defendant, performing services in accordance with his agreement.

Motion granted. Settle order. Samuel Lax, of No. 51 Chambers street, is appointed receiver.